UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER LOSORDO,<br>    Plaintiff<br><br>V.<br><br>ALASKA TANKER COMPANY, LLC<br>AND BP AMI LEASING, INC.,<br>    Defendants | Civil Action<br><br>No. _____ |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1. The Plaintiff, CHRISTOPHER LOSORDO, is a resident of Teaticket, County of Barnstable, Commonwealth of Massachusetts.

2. The Defendant, ALASKA TANKER COMPANY, LLC, is a corporation, duly organized and existing under the laws of the State of Oregon.

3. The Defendant, BP AMI LEASING, INC., is a corporation duly organized and existing under the laws of the State of Texas.

4. On or about October 27, 2007 through April, 2008, the Defendant, ALASKA TANKER COMPANY, LLC, was doing business within the Commonwealth of Massachusetts.

5. On or about October 27, 2007 through April, 2008, the Defendant, BP AMI LEASING, INC., was doing business within the Commonwealth of Massachusetts.

6. On or about 2007 and 2008, the Defendant, ALASKA TANKER COMPANY, LLC, was doing business within the Commonwealth of Massachusetts.

7. On or about 2007 and 2008, the Defendant, BP AMI LEASING, INC., was doing business within the Commonwealth of Massachusetts.

8. On or about October 27, 2007 through April, 2008, the Plaintiff, CHRISTOPHER LOSORDO, was employed by the Defendant, ALASKA TANKER COMPANY, LLC.

9. On or about October 27, 2007 through April, 2008, the Plaintiff, CHRISTOPHER LOSORDO, was employed by the Defendant, BP AMI LEASING, INC.

10. On or about October 27, 2007 through April, 2008, the Plaintiff, CHRISTOPHER LOSORDO, was employed by the Defendant, ALASKA TANKER COMPANY, LLC, as a seaman, and a member of the crew of the M/V ALASKAN EXPLORER.

11. On or about October 27, 2007 through April, 2008, the Plaintiff, CHRISTOPHER LOSORDO, was employed by the Defendant, BP AMI LEASING, INC., as a seaman and a member of the crew of the M/V ALASKAN EXPLORER.

12. On or about October 27, 2007 through April, 2008, the Defendant, ALASKA TANKER COMPANY, LLC, owned the M/V ALASKAN EXPLORER.

13. On or about October 27, 2007 through April, 2008, the Defendant, BP AMI LEASING, INC., owned the M/V ALASKAN EXPLORER.

14. The Defendant, ALASKA TANKER COMPANY, LLC, chartered the M/V ALASKAN EXPLORER from some other person or entity such that on or about October 27, 2007 through April, 2008, the Defendant, ALASKA TANKER COMPANY, LLC was the owner pro hac vice of the M/V ALASKAN EXPLORER.

15. The Defendant, BP AMI LEASING, INC., chartered the M/V ALASKAN EXPLORER from some other person or entity such that on or about October 27, 2007 through

April, 2008, the Defendant, BP AMI LEASING, INC., was the owner pro hac vice of the M/V ALASKAN EXPLORER.

16.   On or about October 27, 2007 through April, 2008, the Defendant, ALASKA TANKER COMPANY, LLC, operated the M/V ALASKAN EXPLORER.

17.   On or about October 27, 2007 through April, 2008, the Defendant, BP AMI LEASING, INC., operated the M/V ALASKAN EXPLORER.

18.   On or about October 27, 2007 through April, 2008, the Defendant, ALASKA TANKER COMPANY, LLC, or the Defendant's agents, servants, and/or employees, controlled the M/V ALASKAN EXPLORER.

19.   On or about October 27, 2007 through April, 2008, the Defendant, BP AMI LEASING, INC., or the Defendant's agents, servants and/or employees, controlled the M/V ALASKAN EXPLORER.

20.   On or about October 27, 2007 through April, 2008, the M/V ALASKAN EXPLORER was in navigable waters.

21.   On or about October 27, 2007 through April, 2008, while in the in the performance of his duties in the service of the M/V ALASKAN EXPLORER, the Plaintiff, CHRISTOPHER LOSORDO, sustained personal injuries.

22.   Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, CHRISTOPHER LOSORDO, was exercising due care.

## Jurisdiction

23. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 et. seq. (formerly §688

et. seq.).

24. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332 and 28 U.S.C. §1333.

### COUNT I

### CHRISTOPHER LOSORDO V. ALASKA TANKER COMPANY, LLC
**(JONES ACT NEGLIGENCE)**

25. The Plaintiff, CHRISTOPHER LOSORDO, reiterates the allegations set forth in paragraphs 1 through 24 above.

26. The personal injuries sustained by the Plaintiff, CHRISTOPHER LOSORDO, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

27. As a result of said injuries, the Plaintiff, CHRISTOPHER LOSORDO, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

28. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, CHRISTOPHER LOSORDO, demands judgment against the Defendant, ALASKA TANKER COMPANY, LLC, in an amount to be determined by a jury together with interest and costs.

## COUNT II

### CHRISTOPHER LOSORDO V. ALASKA TANKER COMPANY, LLC
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

29.     The Plaintiff, CHRISTOPHER LOSORDO, reiterates the allegations set forth in paragraphs 1 through 24 above.

30.     The personal injuries sustained by the Plaintiff, CHRISTOPHER LOSORDO, were due to no fault of his, but were caused by the Unseaworthiness of the M/V ALASKAN EXPLORER.

31.     As a result of said injuries, the Plaintiff, CHRISTOPHER LOSORDO, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

32.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, CHRISTOPHER LOSORDO, demands judgment against the Defendant, ALASKA TANKER COMPANY, LLC, in an amount to be determined by a jury together with interest and costs.

## COUNT III

### CHRISTOPHER LOSORDO V. ALASKA TANKER COMPANY, LLC
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

33.     The Plaintiff, CHRISTOPHER LOSORDO, reiterates all of the allegations set forth in Paragraphs 1 through 24 above.

34.     As a result of the personal injuries described in paragraph 21 above, the Plaintiff,

CHRISTOPHER LOSORDO, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, CHRISTOPHER LOSORDO, demands judgment against the Defendant, ALASKA TANKER COMPANY, LLC, in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

## COUNT IV

### CHRISTOPHER LOSORDO V. ALASKA TANKER COMPANY, LLC

**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)**

35. The Plaintiff, CHRISTOPHER LOSORDO, reiterates the allegations set forth in paragraphs 1 through 24 above.

36. As a result of the personal injuries described in paragraph 21 above, the Plaintiff, CHRISTOPHER LOSORDO, has incurred and will continue to incur expenses for his maintenance and cure.

37. The Plaintiff, CHRISTOPHER LOSORDO, has made demand upon the Defendant, ALASKA TANKER COMPANY, LLC, for the provision of maintenance and cure.

38. The Defendant, ALASKA TANKER COMPANY, LLC, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

39. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without

limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, CHRISTOPHER LOSORDO, demands judgment against the Defendant, ALASKA TANKER COMPANY, LLC, in an amount to be determined by a jury as compensatory damages and punitive damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

## COUNT V

### CHRISTOPHER LOSORDO V. BP AMI LEASING, INC.
(JONES ACT NEGLIGENCE)

40. The Plaintiff, CHRISTOPHER LOSORDO, reiterates the allegations set forth in paragraphs 1 through 24 above.

41. The personal injuries sustained by the Plaintiff, CHRISTOPHER LOSORDO, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

42. As a result of said injuries, the Plaintiff, CHRISTOPHER LOSORDO, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

43. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, CHRISTOPHER LOSORDO, demands judgment against

the Defendant, BP AMI LEASING, INC., in an amount to be determined by a jury together with interest and costs.

## COUNT VI

### CHRISTOPHER LOSORDO V. BP AMI LEASING, INC.
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

44. The Plaintiff, CHRISTOPHER LOSORDO, reiterates the allegations set forth in paragraphs 1 through 24 above.

45. The personal injuries sustained by the Plaintiff, CHRISTOPHER LOSORDO, were due to no fault of his, but were caused by the Unseaworthiness of the M/V ALASKAN EXPLORER.

46. As a result of said injuries, the Plaintiff, CHRISTOPHER LOSORDO, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

47. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count V.

WHEREFORE, the Plaintiff, CHRISTOPHER LOSORDO, demands judgment against the Defendant, BP AMI LEASING, INC., in an amount to be determined by a jury together with interest and costs.

## COUNT VII

### CHRISTOPHER LOSORDO V. BP AMI LEASING, INC.

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

48. The Plaintiff, CHRISTOPHER LOSORDO, reiterates all of the allegations set forth in Paragraphs 1 through 24 above.

49. As a result of the personal injuries described in paragraph 21 above, the Plaintiff, CHRISTOPHER LOSORDO, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, CHRISTOPHER LOSORDO, demands judgment against the Defendant, BP AMI LEASING, INC., in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

## COUNT VIII

### CHRISTOPHER LOSORDO V. BP AMI LEASING, INC.

### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

50. The Plaintiff, CHRISTOPHER LOSORDO, reiterates the allegations set forth in paragraphs 1 through 24 above.

51. As a result of the personal injuries described in paragraph 21 above, the Plaintiff, CHRISTOPHER LOSORDO, has incurred and will continue to incur expenses for his maintenance and cure.

52. The Plaintiff, CHRISTOPHER LOSORDO, has made demand upon the

Defendant, BP AMI LEASING, INC., for the provision of maintenance and cure.

53. The Defendant, BP AMI LEASING, INC., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

54. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, CHRISTOPHER LOSORDO, demands judgment against the Defendant, BP AMI LEASING, INC., in an amount to be determined by a jury as compensatory damages and punitive damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES
RAISED IN HIS COMPLAINT.

Respectfully submitted for
the Plaintiff, CHRISTOPHER LOSORDO,
by his attorney,

/s/ Carolyn M. Latti
CAROLYN M. LATTI, BBO 567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated:   09-22-2010